UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RINA IRIS QUINTANILLA     CIVIL ACTION NO. 1:16-CV-01747

VERSUS     CHIEF JUDGE DRELL

DAVID COLE, WARDEN, *et al.*     MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Rina Iris Quintanilla ("Quintanilla") on December 21, 2016. Quintanilla, a citizen of Honduras, contends she is an immigration detainee, who has been in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("ICE") since April 12, 2016 on a withholding/deferral of removal pursuant to the Convention Against Torture ("CAT"). Quintanilla asks that she be released pending a determination of whether she will be removed because she is prone to seizures which are triggered by the detention facility lighting. However, Quintanilla later informed Respondents that she would not challenge her final removal order, in anticipation of being removed within 30 days (Doc. 10).

Respondents subsequently filed a motion to dismiss Quintanilla's petition on the ground that she has been removed (Doc. 13). Respondents show, through an affidavit by Richard A. Brooks, the Assistant Field Office Director of the U.S. Immigration and Customs Enforcement facility in Oakdale, Louisiana, that

Quintanilla was removed from the United States to Honduras on June 23, 2017 (Doc. 13-3).

An action is rendered moot when the court cannot grant the relief requested by the moving party. See Salgado v. Fed.Bureau of Prisons, 220 Fed. Appx. 256, 257 (5th Cir. 2007) (citing Brown v. Resor, 407 F.2d 281, 283 (5th Cir. 1969)). A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents. See Adair v. Dretke, 150 Fed.Appx. 329, 331 (5th Cir. 2005) (citing Goldin v. Bartholow, 166 F.3d 710, 717-18 (5th Cir. 1999)).

Since Quintanilla has been released from ICE custody, she has received the relief sought in her habeas petition. Therefore, Respondent's motion to dismiss (Doc. 13) should be granted and Quintanilla's habeas petition should be dismissed as moot.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 13) be GRANTED and Quintanilla's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required

nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association,</u> 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases pursuant to see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c) (2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>10th</u> day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge